UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

ROBERT MERRITT, :
          Plaintiff, :
    v. : No. 5:14-cv-5528
     :
STEVEN GULLO, :
          Defendant. :

**MEMORANDUM AND ORDER**

**Plaintiff's Motion for Miscellaneous Relief, ECF No. 22 – Granted in part and denied in part**
**Plaintiff's Motion for Appointment of Counsel, ECF No. 23 – Denied**
**Defendant's Motion for Summary Judgment, ECF No. 24 – Denied**
**Plaintiff's Motion for Want of Prosecution, ECF No. 26 – Granted in part and denied in part**

Joseph F. Leeson, Jr.
United States District Judge                                                                            February 12, 2016

       Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that he was assaulted by Northampton County Correctional Officer Steven Gullo during his transport to the Warren County Correctional Facility. ECF Nos. 1, 8 (filed on September 24, 2014, and refiled December 8, 2014, after IFP was granted). Specifically, Plaintiff claims that on October 17, 2012, Defendant Gullo "assaulted" him in the back of the head and applied his handcuffs too tightly. Id. at 3.[1]

       The present Memorandum and Order addresses Plaintiff's Motion for Miscellaneous Relief, ECF No. 22; Plaintiff's Motion for Appointment of Counsel, ECF No. 23; Defendant's Motion for Summary Judgment, ECF No. 24; and Plaintiff's Motion for Want of Prosecution, ECF No. 26.

---

[1]     Plaintiff submitted his Complaint using a standard complaint form. The bulk of Plaintiff's factual allegations are included in a Statement of Facts attached to page 3 of the form.

1

**II.     Plaintiff's Motion for Miscellaneous Relief, ECF No. 22**

Plaintiff's Motion seeks an order compelling discovery of the names of the two officers who signed him out of Northampton County Correctional Facility ("NCCF") and transported him to the Warren County Correctional Facility ("WCCF") and who witnessed the alleged assault. The Court grants this aspect of Plaintiff's Motion to the extent Defendant possesses any responsive materials.

Plaintiff also seeks an order freezing Defendant's account and compelling Defendant "to settle out of court for an undisclosed amount of currency." These aspects of Plaintiff's Motion are denied.

Finally, Plaintiff seeks an order compelling Northampton County investigator Chris Naugle to testify at trial. This aspect of Plaintiff's Motion is denied without prejudice.

**III.    Plaintiff's Motion for Appointment of Counsel, ECF No. 23**

Plaintiff's Motion for Appointment of Counsel is denied for the reasons stated in the Court's Order filed April 20, 2015, denying Plaintiff's previous motions for counsel. See ECF No. 20. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon motion of Plaintiff.

**IV.    Defendant's Motion for Summary Judgment, ECF No. 24.**

Defendant contends that Plaintiff's lawsuit is barred by the Prison Litigation Reform Act ("PLRA") because Plaintiff failed to exhaust his administrative remedies. Def.'s Mot. Summ. J. ¶¶ 11-19. In pertinent part, the PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Defendant contends that Plaintiff failed to pursue the grievance remedies available to him under the Northampton County Correctional Facility ("NCCF") grievance policy. Def.'s Mot. Summ. J. ¶¶ 11-19. The grievance policy is set forth in Northampton County's Inmate Handbook and includes the following provision:

> The Northampton County Department of Corrections allows an inmate to file a grievance to resolve a disputable matter while in our custody. Inmates are to complete a grievance slip (NCP Form No. NCP-167) from the housing unit officer. You are to list your concerns along with a possible resolution. Your grievance will be answered in a timely manner, with a written response to you from the Grievance Supervisor. You may appeal the Grievance Supervisor's decision to the Deputy Warden of Classification or their designee using Form No. NCP-169. See the complete GRS protocols listed on your housing unit for additional procedures of appeal.

Def.'s Mot. Summ. J. Ex. C, ECF No. 24-1.

In his Complaint, in response to questions on the complaint form concerning the grievance procedure, Plaintiff indicates that the NCCF has a grievance procedure and that he filed a grievance.[2] Compl. 4. In response to a question on the form asking "where did you file the grievance," Plaintiff states, "grievance officer Chris Naugle took care of all issues." Id. In response to a question concerning the result of the grievance, Plaintiff states, "no respond." Id. In Defendant's Affidavit, submitted with his Motion for Summary Judgment, Defendant states that he is "not aware of [Plaintiff] having filed any form of grievance against me nor pursuing any of the appeals authorized by the NCCF grievance procedure." Gullo Aff. ¶ 11, ECF No. 24-1. Defendant also states that "[Plaintiff] admitted in his complaint that he did not file any form of grievance against me." Id. ¶ 12.

---

2 In response to the form's question, "[d]id you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose," Plaintiff checked the line marked "yes." Compl. 4.

3

"Failure to exhaust administrative remedies is an affirmative defense under the PLRA, to be pled and proven by the defendant." Hontz v. Berks Cty. Prison, No. 12-CV-2663, 2014 WL 1123376, at *5 (E.D. Pa. Mar. 21, 2014) (citing Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002)). Defendant's statement that he is "not aware" of Plaintiff filing a grievance against him is insufficient to meet this burden. Defendant does not state that he reviewed Plaintiff's records and inmate file to confirm the absence of any grievances related to this matter, nor does Defendant provide an affidavit from any other prison official who did so. See Hontz, 2014 WL 1123376, at *4 (granting Defendants' motion for summary judgment when "[u]pon a review of [the plaintiff's] records and inmate file, Mr. Wagner, former Warden of the Berks County Prison, affirms that although [the plaintiff] filed five separate grievances during his time at Berks County, none of them involved" the subject matter of the plaintiff's present lawsuit) (citing Wagner Aff. ¶ 5)).

As set forth above, Plaintiff indicated on his complaint form that he filed a grievance. Although Plaintiff's equivocal statement that "grievance officer Chris Naugle took care of all issues" may indicate that Plaintiff failed to comply with proper grievance procedures, in the absence of affidavits from the NCCF and WCCF confirming that Plaintiff did not follow proper procedures, Defendant cannot carry his burden. Accordingly, the Court denies Defendant's Motion without prejudice. As set forth in the Order below, the Court will permit Defendant to re-file his Motion in order to provide further support for his claim that Plaintiff failed to exhaust the grievance remedies available to him.[3]

---

[3] The Court will defer ruling on the merits issues raised in Defendant's Motion for Summary Judgment.

**V.      Plaintiff's Motion for Want of Prosecution, ECF No. 26**

Plaintiff's "Motion for Want of Prosecution" was filed after Defendant's Motion for Summary Judgment and apparently responds to that Motion. Plaintiff requests "exhibits of all [camera] view[s]," apparently referring to the surveillance photo included at page 2 of Defendant's Motion for Summary Judgment. The Court grants this aspect of Plaintiff's Motion and orders that Defendant shall produce to Plaintiff any additional photographs of the incident in Defendant's possession. In all other respects, Plaintiff's Motion is denied.

**VI.     Order**

**ACCORDINGLY,** this 12th day of February, 2016, **IT IS ORDERED** as follows:

1. Plaintiff's Motion for Miscellaneous Relief, ECF No. 22 is **GRANTED in part** and **DENIED in part**, as follows:

    a. No later than **February 29, 2016**, Defendant is **ORDERED** to produce the names of the two officers who signed Plaintiff out of NCCF and transported him to WCCF and who witnessed the alleged assault, to the extent Defendant possesses responsive materials.

    b. In all other respects, Plaintiff's Motion is **DENIED**.

2. Plaintiff's Motion for Appointment of Counsel, ECF No. 23, is **DENIED without prejudice**.

3. Defendant's Motion for Summary Judgment, ECF No. 24, is **DENIED without prejudice**.

4. Plaintiff's Motion for Want of Prosecution is **GRANTED in part** and **DENIED in part** as follows:

    a. No later than **February 29, 2016**, Defendant is **ORDERED** to produce to Plaintiff any additional photographs of the incident in Defendant's possession.

    b. In all other respects, Plaintiff's Motion is **DENIED**.

5. The parties are permitted to file motions for summary judgment no later than **March 15, 2016**.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge