UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

ROBERT MERRITT, :
:
        Plaintiff, :
  v. : No. 5:14-cv-05528
:
STEVEN GULLO, :
:
        Defendant. :
_____

**OPINION AND ORDER**

Plaintiff Robert Merritt has filed a Motion to Amend his Complaint. ECF No. 62. For the following reasons, the Motion is denied.

**I.    Introduction**

Merritt filed his Complaint in this matter *pro se* on September 24, 2014, alleging, under 42 U.S.C. § 1983, that on October 17, 2012, while Merritt was in the Northampton County Prison, Defendant Correctional Officer Steven Gullo violated Merritt's rights under the Eighth Amendment when Gullo punched Merritt in the back of the head for no reason and applied handcuffs with excessive force, causing Merritt serious injury. In June 2017, counsel was appointed to represent Merritt. ECF No. 47. In October 2017, Merritt, through his counsel, filed the present Motion to Amend his Complaint to (a) add allegations against Defendant Steven Gullo in his official capacity as a Northampton County Correctional Officer and (b) name Northampton County as an additional defendant. Specifically, Merritt seeks to add a claim, under *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978), that the County had a policy of "guaranteeing job protection to officers who violate prisoners' Eighth Amendment

1
121517

right to be free from cruel and unusual punishment," and that this policy caused his injuries in this case. Pl.'s Mot. 2.

Merritt's Motion to Amend was filed after the two-year statute of limitations for his proposed § 1983 claims had expired. Because the limitations period on Merritt's claims has run, the proposed amendment will be permitted only if it can "relate back" to the original, timely filed, complaint under Federal Rule of Civil Procedure 15(c)(1).[1] That Rule provides that an amendment to a pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

---

[1] Merritt contends that he need not show that his proposed amendment relates back to his original Complaint because that Complaint included a claim against Gullo in his official capacity, which is essentially a claim against the County. Specifically, Merritt points to the statement in his Complaint that he is suing Gullo "in his personal [capacity] and under color of law." Compl. 7. As Merritt points out, the Court is required to construe his pleadings liberally. But even so, the Court is unable to discern in this statement an intention to sue Gullo in his official capacity. Merritt also contends that Gullo himself interpreted the Complaint to assert an official capacity claim because, in his Answer, Gullo stated, as an affirmative defense, that "[t]o the extent that plaintiff intends to pursue an official capacity claim against Steven Gullo, his complaint lacks the necessary allegations to support a Monell claim." Answer 8, ECF No. 13. But the Court does not read this statement as an admission that Merritt did, in fact, assert an official capacity claim in his Complaint.

2
121517

Because Merritt seeks to amend his pleading to add the County as a party,[2] he must satisfy the requirements of Rule 15(c)(1)(C). Thus, in order to benefit from the "relation back" provision, Merritt must establish that: (1) the proposed amendment arises out of the same conduct, transaction, or occurrence set forth in the original Complaint; (2) the County had notice of the action within 120-day period[3] for service subsequent to the filing of the original Complaint such that it will not be prejudiced in maintaining the action; and (3) the County knew or should have known that but for a mistake of identity of the proper party, it would have been named in the original Complaint.

With respect to the first and second elements, Merritt contends that his proposed amendment arises from Gullo's alleged assault and that the County had timely notice of his lawsuit. With respect to the third element, Merritt contends that he failed to name the County as a defendant because he mistakenly believed—based on his misunderstanding of a ruling issued by the Honorable Timothy J. Savage in a previous case of Merritt's—that he was permitted to sue only Gullo in this action.[4]

---

[2] The Court of Appeals for the Third Circuit has interpreted Rule 15(c) to allow for the addition of a new party. *See Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173, 1192 (3d Cir. 1994).

[3] At the time Merritt filed his Complaint the period for service provided by Rule 4(m) was 120 days, rather than the current 90 days.

[4] In *Merritt v. Pennsylvania et al.*, No. 13-0580, filed in May 2013, Merritt asserted a claim against Gullo (in his personal and official capacities), the Commonwealth of Pennsylvania, and the "Northampton County Correctional Center" concerning the same alleged events that form the basis of this claim. Judge Savage dismissed the complaint as to the Commonwealth of Pennsylvania pursuant to the Eleventh Amendment and as to the Northampton County Correctional Center because a prison is not a "person" within the meaning of § 1983. ECF No. 6. Judge Savage also dismissed the claim against Gullo in his official capacity because "[n]aming an official in his official capacity is the same as naming the government entity itself and requires proof that a policy or custom of the government entity caused the constitutional violation," and Merritt had "not challenged any existing policy or custom that caused his alleged constitutional violation." ECF No. 15. Judge Savage subsequently dismissed the entirety of the case without prejudice for lack of prosecution.

**II.     The County did not know, nor should it have known, that Merritt's action would have been brought against it, but for a mistake concerning the County's identity.**

There is no dispute that Merritt's proposed amendment meets the second element identified above—namely, that the County timely received notice of Merritt's original action.[5] With respect to the first element—concerning whether the amendment arises out of the same occurrence as the original pleading—the Court of Appeals for the Third Circuit, in *Glover v. F.D.I.C.*, recently explained that this "is not merely an 'identity of transaction test,' such as the rules governing joinder of claims or parties." *Glover v. F.D.I.C.*, 698 F.3d 139, 145 (3d Cir. 2012). Rather, "only where the opposing party is given 'fair notice of the general fact situation and the legal theory upon which the amending party proceeds' will relation back be allowed." *Id.* (quoting *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004)). In sum, the Third Circuit in *Glover* held that "where the original pleading does not give a defendant 'fair notice of what the plaintiff's [amended] claim is and the grounds upon which it rests,' the purpose of the statute of limitations has not been satisfied and it is 'not an original pleading that [can] be rehabilitated by invoking Rule 15(c).'" *Id.* (quoting *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n.3 (1984)). This Court has not found any cases applying the *Glover* standard to the question of whether *Monell* claims can relate back to a complaint alleging only the underlying constitutional injury. Earlier cases from this district can be found on both sides of the question. *See Overton v. Se. Penn. Transp. Auth.*, No. Civ. A. 04–904, 2004 WL 1243666, at *3 (E.D. Pa. June 3, 2004) ("Plaintiff's *Monell* claim in [an amended complaint] clearly arises out of the same incident that is the subject of the Original Complaint."); *Buelna v. City of*

---

In Merritt's present Complaint, he names only Gullo as a defendant and states, concerning his previous case, that the case "was closed out by Judge Timothy Savage [who] wrote me back and stat[ed] that I could only sue Officer Gullo." Compl. 6.

[5]     Gullo acknowledges that the County received a waiver of service in December 2014, which is within the period for service. Further, there is nothing in the record to suggest that the County has been hindered in its ability to obtain relevant evidence to mount a defense.

*Philadelphia*, No. CIV.A.01-5114, 2002 WL 531538, at *2 (E.D. Pa. Apr. 8, 2002) (finding that plaintiffs' proposed *Monell* claim did not relate back under Rule 15(c) because the *Monell* claim arose out of the defendant's policies, customs and procedures, rather than events that took place on the date of the underlying injury).

Ultimately, the Court need not decide this question because, even if Merritt's proposed *Monell* claim amendment arises out of the same occurrence as that set out in the original pleading, the amendment fails to meet the third element identified above. That is, Merritt cannot show that the County knew or should have known that the action would have been brought against it, but for a mistake concerning the County's identity. On the contrary, there are no allegations in Merritt's Complaint that the County, or any other entity, had a policy or custom that caused his alleged injury, such that the County knew or should have known that Merritt was attempting to bring a *Monell* claim against it. In short, Merritt's original pleading "simply did not bring a *Monell* claim against [the] County, or anyone else, and there is nothing to indicate that [he] intended to bring such a claim in his original complaint." *See Mann v. Gibbs*, No. 14-CV-421-SCW, 2017 WL 4154862, at *5 (S.D. Ill. Sept. 19, 2017); *Stewart v. City of Philadelphia*, No. CIV.A. 12-5190, 2015 WL 1072435, at *4-*5 (E.D. Pa. Mar. 11, 2015) (finding that the plaintiff's *Monell* claim did not relate back when the original pleading named only individuals involved in the underlying injury and "did not identify a City policy or custom that caused the alleged constitutional violation, as required to state a claim for municipal liability under § 1983"). Accordingly, Merritt's proposed *Monell* claim does not relate back to his original Complaint.

## III. Gullo did not fraudulently conceal the basis of Merritt's *Monell* claim.

Merritt contends that even if his proposed *Monell* claims do not relate back to his original Complaint, his claims are nevertheless timely because Gullo fraudulently concealed from him

the basis of those claims. Specifically, Merritt contends during the course of the prior litigation before Judge Savage, in July 2013, "Gullo purported to be an 'Officer' of Northampton County and to be acting in his 'official capacity' at that time—concealing the fact that he had actually be[en] terminated months earlier." Pl.'s Mot. 18.[6] But even if Gullo fraudulently claimed to still be employed by the County, it is not clear how this could have concealed from Merritt the basis for his *Monell* claims. On the contrary, the notion that Gullo was still employed by the County, despite his alleged assault against Merritt, could have suggested to Merritt that the County had a policy of "guaranteeing job protection to officers who violate prisoners' Eighth Amendment right to be free from cruel and unusual punishment"—which is the policy he seeks to allege here.[7]

## IV. Order

Accordingly, this 15th day of December, 2017, for the reasons set forth above, it is **ORDERED** that Plaintiff's Motion to Amend his Complaint, ECF No. 62, is **DENIED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[6] According to Merritt's Motion, discovery has revealed that the County terminated Gullo's employment in November 2012, as a result of his use of excessive force against Merritt, but then later reinstated him in October 2013 after an arbitrator concluded that the County's collective bargaining agreement with Gullo's union immunized Gullo from termination.

[7] Merritt also contends that Gullo has made fraudulent statements during the course of the present litigation. But the particular statement cited by Merritt was made in a document Gullo filed in March 2016, after the statute of limitations had already expired on Merritt's proposed § 1983 claim, and thus the statement could not have tolled the limitations period.